UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKTORIYA VOLZHENINA,<br><br>   Plaintiff,<br><br>   v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, et al.,<br><br>   Defendants. | Case No. 24-cv-08002-HSG<br><br>**ORDER GRANTING MOTION TO REMAND AND TERMINATING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 5, 15 |

Pending before the Court is pro se Plaintiff Viktoriya Volzhenina's motion to remand, briefing for which is complete. Dkt. Nos. 15 ("Mot."), 24 ("Opp."), 16 ("Reply").[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court GRANTS the motion to remand. Dkt. No. 15. Accordingly, Defendant Mandy Esrock's motion to dismiss is TERMINATED AS MOOT. Dkt. No. 5.

**I.   BACKGROUND**

Plaintiff owns real property in San Pablo, California insured by Defendant Safeco Insurance Company ("Safeco"). *See* Dkt. No. 1 ("Compl."). Plaintiff alleges that a fire in July 2023 damaged the property, leading her to initiate a claim with Safeco. According to Plaintiff, Safeco and its adjuster, Defendant Mandy Esrock, "began lowballing [her] claim," "refused to reimburse Plaintiff for legitimate . . . costs," provided unrealistic repair estimates, and declined to

---

[1] Plaintiff, who appears pro se, filed her reply brief at the same time as her motion to remand. *See* Dkt. No. 16. As such, the brief does not "reply" to Defendants' arguments. However, "a document filed *pro se* is 'to be liberally construed,'" so the Court considers the substance of Plaintiff's reply brief alongside her motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).

1    supply Plaintiff with requested information. *Id.* at 21.  As a result, Plaintiff alleges that she lacks

2    sufficient "funds to start the restoration project" and has been unable to find a contractor willing to

3    undertake the project within "the scope and cost of the estimate provided by" Defendant Esrock.

4    *Id.* at 23.

5    In October 2024, Plaintiff filed the operative complaint against Safeco and Ms. Esrock in

6    Contra Costa County Superior Court.  *See* Dkt. No. 1.  As relevant here, Plaintiff's complaint

7    includes a negligent misrepresentation claim against Ms. Esrock.  *Id.* at 25.  In November 2024,

8    Safeco removed this action to federal court on the basis of diversity jurisdiction.  *See* 28 U.S.C. §

9    1332.  Plaintiff now moves to remand, arguing that removal is improper because both she and

10   Defendant Esrock are citizens of California.  Defendants oppose, asserting that Ms. Esrock was

11   fraudulently joined as a defendant to defeat diversity jurisdiction.

## II.   LEGAL STANDARD

A defendant may remove a state court action to federal court on the basis of diversity jurisdiction.  *See* 28 U.S.C § 1441; *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("A defendant may remove to federal district court an action first brought in state court when the district court would have original jurisdiction.").  Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states.  28 U.S.C. § 1332(a).  "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case."  *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).  On a motion to remand, federal courts must presume that a cause of action lies beyond its subject matter jurisdiction, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing federal jurisdiction.  *See id.* at 566–67.

## III.   DISCUSSION

It is undisputed that Plaintiff Volzhenina and Defendant Esrock are both citizens of California.  Section 1332, which enables federal courts to exercise jurisdiction over suits "between

. . . citizens of different States," only applies when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). At issue here, then, is whether Defendant Esrock was fraudulently joined, such that her citizenship does not destroy the parties' diversity.

### A. Legal Standard for Fraudulent Joinder

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (citations omitted).

Fraudulent joinder is established on that ground if the individuals "joined in the action cannot be liable on any theory." *Id.* (citation omitted). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (emphasis in original) (citation omitted). In other words, joinder is only fraudulent if it is "obvious according to the settled rules of the state that [Plaintiff] has failed to state a claim against [Defendant Esrock]." *Hunter*, 582 F.3d at 1046.

Courts have found fraudulent joinder "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on its claims against the allegedly fraudulently joined defendant," including where "a plaintiff is barred by the statute of limitations from bringing claims against that defendant." *Grancare*, 889 F.3d at 548. By contrast, fraudulent joinder is not established where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548–49 (citing *Hunter*, 582 F.3d at 1046). There is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden," *Hunter*, 582 F.3d at 1046, particularly since "[f]raudulent joinder must be proven by clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Finally, it is important to note that "the test for fraudulent joinder and for failure to state a

claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. Even "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." *Id.* at 550. Instead, the Court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* "If the plaintiff could cure this deficiency by amending his or her complaint, then fraudulent joinder does not obtain." *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *6 (N.D. Cal. Aug. 1, 2018).

### B. Defendants Fail to Establish Fraudulent Joinder

#### i. Negligent Misrepresentation Claim

Defendants first argue that Plaintiff's negligent misrepresentation claim fails as a matter of law because insurance company employees cannot be liable for such conduct under California law when acting within the scope and course of their employment. Opp. at 8–11. This matter is not as clear-cut as Defendants suggest. Several decades ago, courts in this circuit applying California law held that "an agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency." *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1189 (N.D. Cal. 2000); *see Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998) (collecting cases). The Ninth Circuit similarly found that "[i]t is well established that, unless an agent or employee acts as a dual agent . . . she cannot be held individually liable as a defendant unless she acts for her own personal advantage." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). In 2014, the California Court of Appeal addressed this issue. *See Bock v. Hansen*, 225 Cal. App. 4th 215, 219 (2014). In doing so, it explicitly rejected *Icasiano* and *Good* and held that "a cause of action for negligent misrepresentation can lie against an insurance adjuster," even when the adjuster is acting in the course of her employment. *See Bock*, 225 Cal. App. 4th at 230–231.

Post-*Bock*, federal courts in this circuit have split as to whether an insurance adjuster acting in the scope of her employment may be liable for negligent misrepresentation under California law. Some courts continue to find that "in California, an insurance agent when acting in the name of a disclosed principal is not liable for acts done within the scope of his or her agency." *Lawler v. Allstate Ins. Co.*, No. 2:24-CV-01442-AB-SK, 2024 WL 1655403, at *3 (C.D.

4

Cal. Apr. 17, 2024). *See Dobbel v. Liberty Ins. Corp.*, No. 217CV02114MCEEFB, 2018 WL 3495661, at *4 (E.D. Cal. July 20, 2018) ("Under California law, insurance company employees who act within the course and scope of their employment cannot be held individually liable for that conduct unless they act as a dual agent or for their own personal benefit."); *Durben v. State Farm Gen. Ins. Co.*, No. 216CV00754MCEEFB, 2016 WL 4096801, at *2 (E.D. Cal. Aug. 1, 2016); *Devillena v. Am. States Preferred Ins. Co.*, No. 2:22-CV-00261-KJM-AC, 2022 WL 1211273, at *2 (E.D. Cal. Apr. 25, 2022). But "[m]any federal district courts interpreting *Bock* have concluded that remand is appropriate where an adjuster is named as a defendant to a negligent misrepresentation claim because such claims are not 'obviously foreclosed according to settled principles.'" *Livshetz v. Fed. Ins. Co.*, No. 220CV03374ODWASX, 2020 WL 4748461, at *3 (C.D. Cal. Aug. 17, 2020) (quoting *Zuccolotto v. Zurich Am. Ins. Co.*, No. 8:16-cv-01277-JLS (KESx), 2016 WL 10981515, at *3 (C.D. Cal. Sept. 26, 2016)). *See Kirk v. Gen. Ins. Co. of Am.*, No. 23-CV-05506-HSG, 2024 WL 2304566, at *3 (N.D. Cal. May 20, 2024) (collecting cases).

Defendants ask the Court to not read "*Bock* to be the talisman that Plaintiff makes it seem." Opp. at 10. But as this Court has previously stated, "*Bock* makes plain that it is not obvious under California law that a negligent misrepresentation claim cannot lie against Esrock." *Kirk*, 2024 WL 2304566, at *3. While courts may debate *Bock*'s scope, the California Court of Appeal has "opened the door, even a little, to negligent misrepresentation claims against adjusters." *Livshetz*, 2020 WL 4748461, at *3 (quoting *818Computer, Inc.*, 2019 WL 698102, at *4). Since there exists at least some possibility that Plaintiff could proceed with her negligent misrepresentation claim against Ms. Esrock in state court, this claim cannot be foreclosed as a matter of law. *See id.* ("[A]ny ambiguity in state law must be resolved in favor of the [Plaintiff]."); *Zuccolotto*, 2016 WL 10981515, at *3 ("*Bock* may eventually be overruled, clarified, or limited to its particular circumstances. But, until then, the uncertainty surrounding the proper scope of *Bock* indicates that Plaintiff's claim is not foreclosed by settled principles of California law and a state court must determine whether it has merit."). Since Defendants here have not carried their "heavy burden" of establishing that Plaintiff cannot possibly state a claim against Ms. Esrock for negligent misrepresentation, her joinder is not fraudulent as a matter of law. *Grancare*, 889 F.3d at 548.

### ii. Reliance and Damages Pleading

Defendants further argue that Plaintiff fails to sufficiently plead reliance and damages, two of the elements that are required to state a claim for negligent misrepresentation under California law. Opp. at 11. Plaintiff alleges that Ms. Esrock (1) conveyed that $107,746 was authorized in repair costs,[2] (2) informed Plaintiff that she needed to find a contractor who would work within the Safeco estimate, and (3) refused to approve repairs that exceeded Safeco's estimate. *See* Compl. at 21–23. As a result, Plaintiff states that she has been unable to hire a contractor willing to work within Safeco's allocated budget and that she has been "deprived of full indemnification for the loss." *Id*. at 23. The Court's fraudulent joinder analysis does not ask whether Plaintiff will succeed on the merits of her claims or whether she would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Instead, the Court simply must determine whether there is any possibility that Plaintiff can state a claim. While Ms. Volzhenina has not pled these negligent misrepresentation elements in great detail, she has pled sufficient facts to raise at least a possibility that she will be able to state a claim to the satisfaction of the state court.[3] *See Kirk*, 2024 WL 2304566, at *3 ("Esrock is fraudulently joined for purposes of diversity jurisdiction only if Plaintiff's claims against her are 'wholly insubstantial and frivolous,' such that there is no possibility that Plaintiff could prevail.") (internal citation omitted).

Moreover, even assuming, without deciding, that Plaintiff fails to state a claim against Esrock, it does not follow that it would be *impossible* for Plaintiff to adequately plead a negligent misrepresentation claim if given leave to amend. "Substantial case law supports the proposition that if a plaintiff could amend a complaint to cure any deficiencies, the removing party's high burden of proving fraudulent joinder is not met." *Brown v. Beazley USA Servs., Inc.*, No. 24-CV-09035-SI, 2025 WL 436716, at *4 (N.D. Cal. Feb. 7, 2025). Here, Defendants have not established that Plaintiff's pleading deficiencies cannot "possibly be cured by granting the plaintiff

---

[2] This figure was later adjusted to $112,653.15. Compl. at 21.
[3] As a pro se plaintiff, Ms. Volzhenina's pleadings are liberally construed. *See United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.").

6

leave to amend." *Grancare*, 889 F.3d at 550. Defendants assert, for example, that Plaintiff "cannot show any damages, or 'resulting injury,' that arose from Esrock's alleged misrepresentations." Opp. at 12. But Plaintiff could presumably amend her complaint to include more specific details regarding the expenses that she has incurred through Defendants' alleged unwillingness to adequately cover the costs of the property damage and alleged refusal to reimburse Plaintiff for certain emergency repairs.

Accordingly, the Court finds that Defendants have failed to meet their "heavy burden" of establishing fraudulent joinder. *See Hunter*, 582 F.3d at 1046. Because there is not complete diversity of citizenship, the Court lacks subject-matter jurisdiction, and thus **GRANTS** the motion to remand. Dkt. No. 15.

## IV. CONCLUSION

The Court GRANTS Plaintiff's motion to remand, Dkt. No. 15, and REMANDS the case to the Superior Court of Contra Costa County. Defendant Esrock's motion to dismiss, Dkt. No. 5, is TERMINATED AS MOOT. The Clerk is directed to remand the case and close the file.

**IT IS SO ORDERED.**

Dated: 5/15/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge